UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA Y. AMENERO, | ) Case No. CV 10-5363-OP |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 7, 13.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue which Plaintiff raises as the grounds for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly determined that Plaintiff can perform her past relevant work as it is generally performed. (JS at 4.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# **DISCUSSION**

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the following severe combination of impairments: status post-left segmental mastectomy and quadrentectomy in September 2003 with residuals in left upper extremity, mild to moderate

degenerative changes/spondylosis at C4-C7 of the cervical spine, generalized mild spondylosis of the thoracic spine, degenerative disc disease of the lumbosacral spine, obesity, diabetes mellitus, and hypertension. (AR at 23-24.)

The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform light work with additional limitations: she is able to lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours, and sit for six hours in an eight-hour workday; perform postural activities frequently; perform manipulation and reaching with the left upper extremity frequently; and perform handling and fingering with the left hand frequently. (Id. at 25.) Relying on the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff was capable of performing her past relevant work as a Fast-Foods Worker (Dictionary of Occupational Titles ("DOT") No. 311.472-010 (JS Ex. 1.)

**B.   Past Relevant Work.**

Plaintiff contends the ALJ improperly determined that she can perform her past relevant work as a Fast-Foods Worker because she does not possess the requisite literacy ability set forth for that position in the DOT. (JS at 5-6.) She argues there is nothing in the record to indicate that Plaintiff is literate or able to communicate in English sufficient to generally perform the past relevant work as usually performed.[3] (Id. at 6.) She notes that the Social Security field office conducted her interview in Spanish, she required the assistance of her daughter to complete the Social Security application forms, her medical examinations were conducted with the assistance of an interpreter, and she received the assistance of an interpreter at the administrative hearing. (JS at 6 (citing AR at 21, 103, 106, 108, 221).) Plaintiff has a ninth grade education from her native El Salvador. (Id. (citing AR at 36, 114).) She claims the ALJ's failure to address the impact of her

---

[3] A claimant may be found "illiterate" or "unable to communicate in English" if she is "either illiterate in English or unable to communicate in English or both." Silveira v. Apfel, 204 F.3d 1257, 1261 (9th Cir. 2000).

literacy is reversible error. (Id. at 9.)

At step-four of the sequential evaluation process, a claimant must establish that her severe impairment or impairments prevent her from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). The regulations explain the step-four evaluation: "If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled." 20 C.F.R. §§ 404.1520(e); 416.920(e). The claimant has the burden of showing that she can no longer perform her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); Clem v. Sullivan, 894 F.2d 328, 331-32 (9th Cir. 1990). Although the burden of proof lies with the claimant, the ALJ still has a duty to make the requisite factual findings to support his conclusion. Pinto, 249 F.3d at 844-45; see also Henrie v. U.S. Dep't of Health & Human Serv., 13 F.3d 359 (10th Cir. 1993) (recognizing the tension created between the mandate of Social Security Ruling ("SSR") 82-62[4] and the claimant's burden of proof, and finding that the ALJ's duty is one of inquiry and factual development while the claimant continues to bear the ultimate burden of proving disability).

Social Security Ruling 82-61 provides that there are three possible tests for determining whether or not a claimant retains the capacity to perform her past

---

[4] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

4

1  relevant work.[5]  One test is "[w]hether the claimant retains the capacity to perform
2  the functional demands and job duties of the job as ordinarily required by
3  employers throughout the national economy. (The . . . DOT descriptions can be
4  relied upon-for jobs that are listed in the DOT-to define the job as it is *usually*
5  performed in the national economy)." SSR 82-61.
6        According to DOT section 311.472-010, Plaintiff's past relevant work as a
7  Fast-Foods Worker requires a Language Level of 2 as usually performed. (JS Ex.
8  1 at 2.)  Language Level 2 requires, among other things, that a person have a
9  passive vocabulary of 5,000-6,000 words, read at the rate of 190-215 words per
10 minute, write compound and complex sentences, and speak clearly with correct
11 pronunciation and word tense. (Id.) Plaintiff asserts that she does not meet these
12 language requirements and cannot perform the work as it is generally performed.
13 (JS at 9.) Noting that Plaintiff *was* able to work as a cashier for almost ten years
14 (id. at 18), the Commissioner counters that educational factors, such as language,
15 are not relevant at step four of the sequential evaluation process; that Plaintiff's
16 reliance on Pinto is misplaced as in this case the ALJ made no finding about
17 Plaintiff's English language skills, and did not include an illiteracy limitation in
18 his hypothetical to the VE; and that Plaintiff failed to meet her burden of proving
19 that her language abilities prevent her from performing her past relevant work as
20 she never asserted that her limited English affected her ability to work. (JS at 16-
21 18.)
22       The Ninth Circuit has declined to decide whether an ALJ is required to
23 consider a claimant's language skills, including literacy, at step four of the
24 sequential evaluation. Pinto, 249 F.3d at 847 n.5. However, in Pinto, the Ninth
25 Circuit explained:

---

27     [5] Social Security Rulings are interpretations by the Social Security
28 Administration of the Act. While they do not have the force of law, they are
entitled to deference unless they are clearly erroneous or inconsistent with the law.

5

> The ability to communicate is an important skill to be considered when determining what jobs are available to a claimant. Illiteracy seriously impacts an individual's ability to perform work-related functions such as understanding and following instructions, communicating in the workplace, and responding appropriately to supervision. These are all factors that Social Security Ruling No. 96-8P requires an ALJ to consider when determining whether a claimant has the residual functional capacity to perform past relevant work. Here the ALJ, although noting Pinto's limitation in both his findings of fact and hypothetical to the vocational expert, failed to explain how this limitation related to his finding that Pinto could perform her past relevant work as generally performed.

Id. at 846-847.

In this case, the ALJ noted in his decision that "the claimant has a limited ability to communicate in English, [and] she testified at times with the assistance of a Spanish language interpreter." (AR at 21.) He also remarked that during Plaintiff's face-to-face interview with the claims representative, the representative "did not observe anything unusual about the claimant or that the cla[i]mant had any difficulties *other than the limited ability to speak English*." (Id. at 27.) He also noted that Plaintiff reported she was "capable of following instructions well *as long as the instructions are in Spanish*." (Id.) During the hearing, Plaintiff was provided the services of an interpreter, although counsel indicated that "she does speak some English" and is "willing to try to do it in English." (Id. at 33.) Plaintiff testified that she was able to speak, read, and write "a little" English. (Id. at 35.) During the hearing, there is no indication of whether and when the interpreter actually assisted, but at one point when Plaintiff was having difficulty expressing herself, the ALJ stated, "When you're having trouble just speak in Spanish and [the interpreter] will interpret it for me." (Id. at 38.) Thus, the record

provides some evidence that the Level 2 requirements may exceed Plaintiff's English language abilities.

Despite this, in his hypothetical to the VE, the ALJ asked the VE to assume a person of the same "age, education and background" as Plaintiff. (Id. at 46.) He did not mention anything about Plaintiff's language skills or limited English abilities. The VE testified that an individual with the hypothetical limitations could perform her past relevant work as a Fast-Foods Worker as identified in the DOT at the light level. (Id. at 45, 46.) Plaintiff argues that despite the VE's assurance that his testimony was in conformance with the DOT, the VE's testimony was inconsistent with the DOT because the job of Fast-Foods Worker as defined in the DOT requires a language level of 2, which is beyond Plaintiff's capabilities.

Indeed, the ALJ must determine whether the positions cited by the VE are consistent with the DOT. The ALJ must then determine whether the VE's explanation for the conflict is reasonable and whether there exists a basis for accepting the VE's testimony over the information contained in the DOT. Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00-4p). Where a claimant is illiterate, the ALJ must "definitively explain the deviation." See Pinto, 249 F.3d at 847.

In this case, although he commented on Plaintiff's limited English skills at the hearing and in his decision, the ALJ did not ask the VE to explain the effect of Plaintiff's limited language or English communication skills on her ability to perform her past relevant work. As a result, the VE also failed to account for any deviation from the Language Level 2 requirement in the DOT for Fast-Foods Worker.[6]

---

[6] The Court notes that although the DOT does not specify that the claimant must be able to perform the job functions in English, the Ninth Circuit has

(continued...)

7

1    The Commissioner argues that because the ALJ did not specifically make a
2 finding of illiteracy, this case is distinguishable from Pinto. (See JS at 17.) The
3 Court disagrees.  The body of the ALJ's decision herein expressly references
4 Plaintiff's "limited ability to communicate in English," suggesting that the ALJ
5 recognized Plaintiff had English language limitations.  Unfortunately, the decision
6 lacks a specific finding or further discussion of Plaintiff's "limited ability," and
7 any attempt to assess its impact on her ability to perform her past work as
8 generally performed.  This failure makes it difficult for the Court to review the
9 ALJ's analysis and his related finding that Plaintiff had the ability to perform her
10 past relevant work as generally performed, since her language abilities may
11 deviate from that required by the DOT for the position.  For these reasons, the
12 Court finds that the ALJ's decision is unsupported and that he erred at step four of
13 the sequential evaluation.
14    Based on the foregoing, because the DOT indicates that the job of Fast-
15 Foods Worker as generally performed requires a Language Level of 2, remand is
16 warranted for the ALJ to consider the impact, if any, of Plaintiff's limited English
17 language ability on her ability to perform her past relevant work, and to
18 sufficiently explain any deviation from the DOT.  If necessary, the ALJ shall
19 proceed to step five of the sequential evaluation.

---

[6](...continued)
indicated that such a requirement is the "most persuasive reading" of the DOT.
Pinto, 249 F.3d at 844 n.2.

## IV.
## **ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: March 17, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge